UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-cr-00236-KJM-2 |
| Plaintiff, | |
| v. | ORDER |
| SHAWN TYRONE DAVIS, | |
| Defendant. | |

Defendant Shawn Tyrone Davis moves for relief under United States Sentencing Guideline ("U.S.S.G.") § 5G1.3(b), contending the Bureau of Prisons failed to follow the court's sentencing order, resulting in the misapplication and over-extension of his term of imprisonment. Mot., ECF No. 189. The United States opposes the motion on the grounds the court lacks jurisdiction to modify Davis's sentence computation and, even if it had jurisdiction, Davis is entitled to no such adjustment. Opp'n, ECF No. 195. For the reasons explained below, Davis's motion for relief is DENIED.

I.   BACKGROUND

On May 31, 2007, a federal grand jury returned an indictment charging Davis with one count of conspiracy to distribute at least 50 grams of crack in violation of 12 U.S.C.

1

§§ 841(a)(1), 846.[1]  ECF No. 8.  On June 12, 2014, the United States filed a superseding information, bringing two counts for use of a communication facility for the purpose of drug trafficking in violation of 21 U.S.C. § 843(b).  ECF Nos. 163, 168.[2]  On June 18, 2014, Davis pled guilty to both counts of the information.  ECF No. 170.  As relevant here, the plea agreement contains the following relevant provisions:

> **C. Concurrent Sentence Recommendation:** The parties stipulate and agree to recommend that this Court impose a sentence that runs concurrent with the 15-year sentence imposed in Sacramento County Superior Court Case No. 06F4815.
>
> **D. Defendant's Argument for Credit:** The parties agree that they will recommend that the Court provide him a sentence credit for the time period he spent in state custody in Sacramento Superior Court Case No. 06F4815 after a federal hold was placed on him.

*Id.* at 6.

On October 1, 2014, the court sentenced Davis to 96 months imprisonment, to be served concurrently with the sentence imposed in Sacramento County Superior Court, case number 06F04815, and recommended he receive credit for time served while subject to the federal hold imposed as a result of this case.  ECF No. 176 at 2.

On May 6, 2018, Davis completed the fifteen-year prison sentence he incurred in Superior Court case 06F04815.  Mot. at 3.  Davis contends that, had he been properly credited for the time spent in federal custody prior to sentencing, his federal sentence would have expired in July 2017; thus, he says, he should have been eligible for release at the expiration of his state sentence.  *Id.*

On July 5, 2018, Davis moved, through appointed counsel, to direct the Bureau of Prisons ("BOP") to comply with the court's order that his federal sentence be served concurrently to his previously imposed state sentence.  ECF No. 181.  The United States responded, arguing, among other things, that Davis must first exhaust administrative remedies before seeking relief in

---

[1] The indictment also brought two counts of a similar charge against codefendant Beverly Barron.  Ms. Barron's case is not at issue here.

[2] On June 18, 2014, the United States amended the superseding information to reflect the correct county in which the conduct occurred.  *See* ECF No. 168 (changing San Joaquin County to Sacramento County).

federal court. ECF No. 183.  On May 11, 2019, after exhausting administrative remedies, Davis filed a new motion styled "Motion for Relief Pursuant to U.S.S.G. § 5G1.3(b)," in which he asks the court to adjust his sentence for the 63 months spent in federal custody prior to sentencing, consistent with the parties' requests and the court's recommendation at sentencing.  *See generally* Mot.  Davis clarified in a notice filed July 8, 2019, that the instant motion, ECF No. 189, moots the previous motion, ECF No. 181; *see* Not., ECF No. 192.  The United States opposes the motion currently pending.  *See* Opp'n.

II.   DISCUSSION

Davis's July 8, 2019 notice summarizes his central argument, consistently with the motion for relief:

> [I]t is the court – not the BOP – which calculates a person's sentence. Mr. Davis is not arguing (as the government claims) that the BOP wrongly calculated his sentence.  He is arguing that they are not following the orders of the court – which has the authority to determine his sentence.  The Court's intentions regarding Mr. Davis's sentence were clear, as indicated by its statements during the sentencing hearing and the Judgment and Sentencing Order.  It is also reinforced by the plea agreement in which the government expressly states, "The parties agree that they will recommend *that the Court* provide him a sentence credit for the time period he spent in state custody in Sacramento Superior Court Case No. 06F4815 after a federal hold was placed on him."  Not only does the language of the plea agreement clarify that the time period in question should, in fact, be counted towards Mr. Davis's federal sentence, it also clearly states that it is the Court, not the BOP, which has the authority to make this determination.

Not. at 2–3 (emphasis in original) (citations omitted).  Once it became clear the BOP would "not follow[] the direction of the Court and release[] Mr. Davis at the agreed upon time . . . ," and after exhausting administrative remedies, Davis has identified § 5G1.3(b) as the avenue for relief. *Id.* at 3.

Section 5G1.3(b) provides, in pertinent part:

> (b) If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

3

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

Davis appears to contend § 5G1.3(b)(1) clearly applies here, and was expressly considered by the parties in entering into the plea agreement and by the court at sentencing; he argues that by failing to effect the sentencing calculation as intended by the court, the BOP's calculation function under 18 U.S.C. § 3585(b) is inapplicable. Mot. at 7. It is the court, he says, that must "re-calculate and adjust Mr. Davis's sentence to time served" under § 5G1.3(b)(1). *Id.* Simply put, Davis asks the court to make an express finding "that his state charges were relevant conduct to his federal conviction and his time should run concurrent from the date he was writted into federal custody or . . . order a re-sentencing in the District Court to reduce [his] sentence pursuant to § 5G1.3(b), by 63 months." *Id.* at 8.

The United States contends the court lacks jurisdiction to grant relief because, at bottom, Davis is challenging the BOP's calculation based on the court's sentencing order, and the appropriate procedural vehicle for such a challenge is 28 U.S.C. § 2241, not § 5G1.3(b). Opp'n at 3–7. Even if the court did have jurisdiction, the United States asserts Davis is not entitled to a sentence adjustment given the provisions of 18 U.S.C. § 3585(b) because the credit he seeks has already been applied to his state sentence. *Id.* at 7–8.

The government is correct that the court lacks jurisdiction to grant Davis the relief he seeks. Despite his assertions, Davis is, in effect, contending the BOP wrongly calculated his sentence. The court sentenced Davis on October 1, 2014, ECF No. 175, and filed the judgment and commitment on the court docket on October 15, 2014, ECF No. 176. Davis filed no appeal, nor did he move for reconsideration of his sentence under Federal Rule of Criminal Procedure 35. Instead, roughly three and a half years later, Davis first raised his concern regarding the BOP's failure to credit him for the "5 years 3 months [he] was in Sacramento County Jail" despite the

parties' agreement he should receive credit. ECF No. 178. This concern, stripped of counsel's characterization, is Davis's core contention: he believes his sentence has been incorrectly applied.

Generally, once a court has imposed a sentence of imprisonment, it lacks power to modify or correct that sentence absent express statutory authorization or unless Federal Rule of Criminal Procedure 35 applies. *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35(a)). Under Rule 35(a), a defendant has fourteen days from the date of sentencing to challenge a sentence based on arithmetical, technical or other clear error. Fed. R. Crim. P. 35(a). Thereafter, the court is divested of its jurisdictional power, *Aguilar-Reyes*, 653 F.3d at 1055, and the vehicles available to a defendant to challenge his sentence calculation come in the form of administrative remedies, 28 C.F.R. §§ 542.10–542.16, and a petition for habeas corpus relief under 28 U.S.C. § 2241.

Section 2241 is the vehicle for challenging the BOP's application or calculation of the sentence imposed by the district court, including any credit it applies for presentence detention. *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993). A petition under § 2241 is appropriately filed against the custodian housing the petitioner, and is directed to the sentencing court except to the extent that court resolves the petition. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973)). Here, although Davis's housing location has changed since the filing of his motion—he is now housed in the Sacramento Residential Reentry Management ("RRM") office,[3] a location within the Eastern District of California—he nonetheless has not sought relief under § 2241 and has addressed his motion to an improper respondent. For these reasons the court lacks jurisdiction over this matter.

The cases cited by Davis do not change this outcome. Davis cites *United States v. Drake*, 49 F.3d 1438, 1440–41 (9th Cir. 1998), for the proposition the court must take U.S.S.G. § 5G1.3 into consideration when determining how to apply custody credit under 18 U.S.C. § 3584. This proposition, however, undermines Davis's central contention, which is not that the court failed

---

[3] At the time of filing, Davis was located at FCI Sheridan. *See* Opp'n at 4. The court has ascertained his current location at Sacramento RRM by referencing the Federal Bureau of Prisons inmate locator, https://www.bop.gov/inmateloc/ (last visited July 2, 2020).

to consider § 5G1.3, or even misapplied § 5G1.3, rather "that the[] [BOP is] not following the orders of the court . . . ." Not. at 2. Indeed, as the court in *Drake* explained, "'[*a*]*fter a District Court sentences* a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence.' Such language presumes that the district court will first sentence the offender—applying the relevant Sentencing Guidelines—before credit determinations shall be made by the Bureau of Prisons." 49 F.3d at 1440 (alteration and emphasis in original) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). Therefore, "[a]pplication of section 5G1.3(b) is a matter for the court," but executing the court's sentencing order thereafter "is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *Id.*

Here, Davis does not argue the court failed to consider § 5G1.3(b), nor could he. The plea agreement expressly contemplates the parties' recommendation that the court impose a sentence running concurrent to Davis's state sentence and that the court direct the application of sentence credit for the time spent in state custody once Davis was subject to the federal hold. ECF No. 170 at 6. At the October 1, 2014 sentencing hearing, when advised of the time-credit provision of the plea agreement, the court responded, "I'm prepared to include that language. It will be up to BOP." ECF No. 188 at 7:13–20. In the judgment and commitment order, the court imposed a 96-month consecutive term and "recommend[ed] the defendant get credit for his time served since the federal hold was placed on him in this case." ECF No. 176 at 2. Davis concedes as much. Mot. at 6 ("Mr. Davis'[s] sentencing determination implicitly included his state charges as relevant conduct for the purposes of sentencing under § 5G1.3."). After the court imposed the sentence, Davis did not move for modification or correction under Rule 35, nor did he appeal.

Moreover, as the United States correctly notes, the procedural posture in *Drake* is distinguishable. Opp'n at 5. *Drake* involved a timely appeal of defendant's sentence, which invoked appellate jurisdiction under 18 U.S.C. § 3742(a), (e) and 28 U.S.C. § 1291. *Drake*, 49 F.3d at 1440; Appellant's Opening Br., *Untied States v. Drake*, 49 F.3d 1438 (9th Cir. 1998), No. 94-30209, 1994 WL 16138631, at *3 (statement of jurisdiction). *Drake* is not instructive with respect to the procedural posture of Davis's motion here.

6

The same is true of *United States v. Armstead*, 552 F.3d 769 (9th Cir. 2008), a case on which Davis relies for the notion that sentence adjustments under § 5G1.3(b)(1) are mandatory. Mot. at 6.  But, as discussed, Davis does not contend the court ignored § 5G1.3, he contends the BOP has misapplied, or misinterpreted, the court's sentencing order.  *See* Mot. at 8 ("The logical explanation for the court's *order* encompasses the applicability of 5G1.3 . . . ." (emphasis in original)).  The United States correctly observes that "*Drake* and *Armstead* do not address the key threshold question of how Davis can invoke a jurisdictional basis to revisit a final judgment in his criminal case." Opp'n at 5.

In sum, this court lacks jurisdiction to grant Davis the relief he seeks.  The proper procedural mechanism to challenge his sentence calculation appears to be grounded in 28 U.S.C. § 2241, as noted above.  *Braden*, 410 U.S. at 494–95.  Because the court lacks jurisdiction, it need not address the merits of Davis's contention that 18 U.S.C. § 3585, or § 5G1.3 for that matter, requires adjustment of his sentence.

III.  CONCLUSION

For these reasons, defendant's motion to reduce sentence is DENIED.  This order resolves ECF Nos. 181 and 189.

IT IS SO ORDERED.

DATED: July 2, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE